## RILEY *v.* A CARGO OF IRON PIPES.

*(District Court, S. D. New York. November 2, 1889.)*

1. DEMURRAGE—ABSENCE OF STIPULATION—BURDEN OF PROOF.
   When the contract is silent on the subject of demurrage, the burden is on the libelant to show some negligence in the consignee of the cargo, or that he exceeded some customary period which, by implication, is a part of the contract.

2. SAME—NOTICE OF CLAIM—ACTION IN REM.
   When no notice of any claim or lien for demurrage is made at the time of delivery of the cargo, nor before the commencement of a suit to recover demurrage, no action *in rem* against the cargo can be sustained.

3. SAME—UNREASONABLE CONDUCT OF VESSEL OWNER.
   Though the cargo has not been discharged within a reasonable time, the vessel cannot recover demurrage, if it appears that the unreasonable conduct of libelant has induced the delay.

In Admiralty. Action for demurrage.

*Peter S. Carter*, for libelant.

*Alexander & Ash*, for claimant.

BROWN, J. The contract being silent on the subject of demurrage, the burden of proof, in order to recover for demurrage, is upon the libelant to show that the consignee is chargeable with some negligence in unloading the vessel, or that he exceeded some customary period which, by implication, is a part of the contract. *A Cargo of Lumber*, 23 Fed. Rep. 301; *The Z. L. Adams*, 26 Fed. Rep. 655; *The John Cottrell*, 34 Fed. Rep. 907; *Railroad Ties*, 38 Fed. Rep. 254. No customary period is proved in the present case, and the testimony is conflicting as to the precise time necessary to unload the cargo. If it was improper that more than one boat should be sent at a time to Dobb's Ferry, the libelant who took them there is as much chargeable with blame as the respondent. His own acts preclude him from claiming damages on that account. His objections to unloading at the steam-boat wharf prevent any account of the delay in going to the upper wharf. The weight of evidence is that six days were a reasonable time for unloading two boats like those in which cross-beams created some delay. There would remain one day's demurrage, to which the libelant might have been entitled; but his unreasonable conduct in interrupting the delivery for a considerable period, to the loss of the respondent, before the delivery was completed, more than balances the one day's demurrage; so that nothing is equitably due him; and as the weight of evidence against the libelant's testimony is that no notice of any claim or lien for demurrage was made at the time of the delivery of the cargo, nor before the commencement of this suit, some time after, no action *in rem* against the cargo can be sustained. *Bags of Linseed*, 1 Black, 108; *The Giulio*, 34 Fed. Rep. 909, 912. The libel is therefore dismissed, but without costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.